# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY CHARLES McCULLOUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 17-CV-438-TCK-JFJ |
| ) | |
| JASON BRYANT, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On July 28, 2017, Petitioner, a pro se state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). He paid the $5.00 filing fee on August 31, 2017 (Dkt 3), and on September 1, 2007, he filed an amended petition (Dkt. 4). On September 27, 2017, Respondent filed a motion to dismiss the petition as time barred (Dkt. 9), and Petitioner filed a response to the motion on October 12, 2017 (Dkt. 11). For the reasons set forth below, the Court finds the amended petition must be dismissed.

Petitioner is attacking his conviction and life sentence for First Degree Murder in Tulsa County District Court Case No. CF-1990-1475 (Dkt. 4 at 1). He alleges in his sole ground for relief that modification of his sentence is required, because the sentencing court failed to assess his future dangerousness correctly (Dkt. 4 at 3). Petitioner bases this claim on his alleged completion of rehabilitative programs and an assessment by the Oklahoma Pardon and Parole Board that he is low risk for further criminal behavior. *Id.*

Respondent alleges in his motion to dismiss that Petitioner's request for habeas corpus relief is barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was on enacted April 24, 1996:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's Judgment and Sentence in Case No. F-1990-1341 on March 27, 1995 (Dkt. 10-1). He sought rehearing which was denied on April 28, 1995 (Dkt. 10-2). Therefore, the conviction became final on July 27, 1995, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).

Because petitioner's conviction and sentence became final before enactment of the AEDPA, he had one year from the enactment date until April 24, 1997, to initiate a habeas corpus action. *See*

*United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998) (recognizing judicially-created one-year grace period). This habeas action, however, was not commenced until July 28, 2017. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Only a state post-conviction application filed within the year allowed by the AEDPA can toll the statute of limitations. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Burger v. Scott*, 317 F.3d 1133, 1136-37 (10th Cir. 2003).

On November 15, 1999, Petitioner filed in the Tulsa County District Court an application for post-conviction relief, which was denied on January 18, 2000 (Dkts. 10-3, 10-4). The OCCA affirmed the denial in Case No. PC-2000-192 on March 23, 2000 (Dkt. 10-6). This attempt to obtain post-conviction relief before the state courts, however, cannot serve to toll an already expired statute of limitations. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

Petitioner filed a second post-conviction action in the Tulsa County District Court on June 16, 2016, which was denied on May 1, 2017 (Dkts. 10-7, 10-8). The OCCA affirmed the denial on July 12, 2017, in Case No. PC-2017-530 (Dkt. 10-10). Again, the statute of limitations expired before commencement of these post-conviction proceedings. Therefore, there is no tolling under 28 U.S.C. § 2244(d)(2).

Petitioner does not assert he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to

equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted).

Because Petitioner has failed to allege or argue equitable tolling, and there is no indication that he is entitled to consideration of such relief, equitable tolling is not warranted. Respondent's motion to dismiss time-barred habeas petition (Dkt. 9) is **granted**.

## Certificate of Appealability

Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

4

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find this Court's application of AEDPA standards to the amended petition is debatable among jurists of reason. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). The Court further finds that Petitioner has failed to show that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Therefore, a certificate of appealability is **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss Petitioner's amended petition as time barred (Dkt. 9) is **granted**.
2. Petitioner's amended petition for a writ of habeas corpus (Dkt. 4) is **dismissed with prejudice**
3. Petitioner is **denied** a certificate of appealability.
4. This is a final Order terminating this action.

**DATED** this 18th day of January 2018.

**TERENCE KERN**
**United States District Judge**